TUB-MASTER CORPORATION, APPELLANT, v. STATE SURETY CO. ET AL., APPELLEES.

207 N. W. 2d 520

Filed May 18, 1973. No. 38841.

Shrout, Caporale, Krieger, Christian & Nestle, for appellant.

Swarr, May, Smith & Andersen, Richard H. Hoch, and John W. Delehant, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This appeal is from the sustaining of defendants' motion to dismiss plaintiff's petition for the foreclosure of a mechanic's lien. Plaintiff is the supplier of a supplier to a subcontractor. We affirm.

The defendant property owners contracted with Seldin Construction Company for the erection of an apartment complex. Seldin subcontracted with Swanson-Gentleman, Inc., for the installation of certain bathroom fixtures in said complex. Swanson-Gentleman, Inc., purchased materials for its contract, including folding

shower doors, from Snyder Fiberglass Company of Lincoln, Nebraska. Snyder ordered these shower doors from the plaintiff and directed that they be delivered to the construction site in Bellevue, Nebraska. The doors were sold by the plaintiff to Snyder Fiberglass Company, and were billed to it. They were delivered at the construction site on July 12 and July 21, 1971.

Tub-Master Corporation's contract was with Snyder. It had no contract or contact with either Swanson-Gentleman, Inc., Seldin Construction Company, or the owners of the property. Snyder was paid for the doors by receiving credit on another obligation. Plaintiff has never received payment.

Plaintiff's attorney filed a mechanic's lien on its behalf October 26, 1971. Plaintiff's brief gives the date as October 20, but the lien was not acknowledged until October 26, 1971. The register of deeds of Sarpy county testified it was filed October 26, 1971.

Swanson-Gentleman, Inc., filed a surety bond with State Surety Company as surety, with the register of deeds as substituted security, in accordance with section 52-121, R. R. S. 1943.

The only issue presented is whether plaintiff has a valid lien herein. Section 52-101, R. R. S. 1943, provides in part: "Any person who shall perform any labor or furnish any material, * * * (1) for the construction, erection, improvement, repair, or removal of any house, * * * building, * * * by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same * * *."

Section 52-102, R. R. S. 1943, provides in part: "Any person or subcontractor who shall perform any labor for, or furnish any material * * * for any of the purposes mentioned in section 52-101, to the contractor, or any subcontractor who shall desire to secure a lien upon any of the structures mentioned in said section, may file a sworn statement of the amount due him

from such contractor for such \* \* \* material \* \* \* within three months from the performing of such labor or furnishing such material \* \* \* with the register of deeds of the county wherein said land is situated."

We do not deem it necessary to consider herein whether the supplier of a supplier to a subcontractor can bring himself within the statute by the delivery of materials to the job site. The lien was filed out of time. Even if Snyder had filed it, it involved material furnished to a subcontractor by a materialman. There was no contract between the owners of the property or their agents and Snyder for the material in question. Section 52-102, R. R. S. 1943, provides for liens for materials furnished to contractors or subcontractors.

Section 52-102, R. R. S. 1943, requires the filing of the lien within 3 months from the furnishing of the material. Plaintiff's last delivery was July 21, 1971. The 3 months would therefore expire on October 21, 1971. Plaintiff's lien was not filed until October 26, 1971, or 5 days after the time permitted by statute had expired. The judgment of dismissal was therefore proper, and it is affirmed.

AFFIRMED.